CERTIFICATE OF SERVICE

STATE OF NEW YORK )
ss.:
COUNTY OF WESTCHESTER)

I, Dawn Stefanik, being duly sworn, deposes and says:

I am not a party to the within action, am over the age of 18 years and reside in Westchester County, New York. That on March 3, 2008 I served a true copy of the Order to Show Cause for Default Judgment with supporting papers by mailing a true copy of same enclosed in a post-paid wrapper in an official depository by First Class Mail under the exclusive care and custody of the United States Postal Service within New York State, addressed as follows:

METAL TEK ARCHITECTURAL METAL & GLASS, INC.
P.O. BOX 317
ST. JAMES, NY 11780

Dawn Stefanik

Sworn to before me this
3rd day of March, 2008

Notary Public

CHRISTIE S. ROOS
Notary Public, State of New York
No. 01RO6014276
Qualified in Westchester County
Commission Expires October 5, 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| TRUSTEES OF THE DISTRICT COUNCIL 9 PAINTING INDUSTRY INSURANCE AND ANNUITY FUNDS,<br><br>Plaintiffs,<br><br>-against-<br><br>METAL TEK ARCHITECTURAL METAL & GLASS, INC.,<br><br>Defendant. | ) | Index No. 08-CIV-0419 (KMK)<br><br>STATEMENT OF DAMAGES |

Principal amount due.................................................. $ 3,282.66
for the period June 30, 2001 through to October 28, 2007

Attorneys' Fees .................................................. $ 1,750.00

Court Costs & Disbursements:

Filing Fees (Index).................................................. $ 350.00
Process Server Fee.................................................. $ 40.00

**GRAND TOTAL:.................................................. $ 5,422.66**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE DISTRICT COUNCIL 9 PAINTING INDUSTRY INSURANCE AND ANNUITY FUNDS,

Plaintiffs,

-against-

METAL TEK ARCHITECTURAL METAL & GLASS, INC.,

Defendant.

Index No. 08-CIV-0419 (KMK)

AFFIDAVIT FOR JUDGMENT BY DEFAULT

STATE OF NEW YORK ) ss.:
COUNTY OF WESTCHESTER )

Dana L. Henke, being duly sworn, deposes and says:

1. I am a member of the bar of this Court and am associated with the firm Barnes Iaccarino, Virginia, Ambinder & Shepherd, PLLC as the attorneys of record for the Plaintiffs, Trustees of the District Council 9 Painting Industry Insurance and Annuity Funds (hereinafter referred to as the "Funds") in the above-entitled action. I am fully familiar with facts set forth herein, and I submit this Affidavit in support of plaintiff's entry of Default Judgment.

2. The Funds are jointly administered, multi-employer, labor management employee benefit trust funds established and maintained pursuant to the terms of various collective bargaining agreements and the Labor Management Relations Act of 1947 ("Taft-Hartley Act").

3. Defendant, Metal Tek Architectural Metal & Glass, Inc. (hereinafter referred to as "Employer") is an Employer within the meaning of Section 3(5) and 515 of ERISA, 29 U.S.C. Section 1002(5) and 1145, and an Employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act, 29 U.S.C. Section 185.

4. This is an action to recover certain delinquent late charges contributions owed to the Funds by the Employer pursuant to a Collective Bargaining Agreement (hereinafter referred to as the

"C.B.A.") between the District Council 9 International Union of Painters and Allied Trades (hereinafter referred to as the "Union") and the Employer. This action was also brought by Plaintiffs to require the Employer to permit and cooperate in the conduct of an audit.

5. This action was commenced on January 16, 2008 by the filing of a Summons and Complaint. The Summons and Complaint was served upon the Employer on January 24, 2008 via Secretary of State.

6. The Proof of Service was filed with the Clerk of this Honorable Court on January 31, 2008. Copies of the summons, complaint, and proof of service thereof are annexed hereto collectively as Exhibit "A".

7. The Employer has failed to answer, appear or otherwise defend in this action within the time period permitted by law.

8. As set forth in the complaint, jurisdiction of the subject matter is premised upon Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended "ERISA" (29 U.S.C. Sections 1132 and 1145) and section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. Section 185).

9. The Employer as party to the C.B.A. is required to remit to the Funds benefit contributions and reports in a timely fashion. If the Employer fails to remit the contributions in a timely fashion in accordance with the C.B.A. then the employer is required to remit assessed interest at the prime rate plus 2.0 % calculated from the date the payment was due to the date the payment was paid and liquidated damages equivalent to 10% of the total amount of contributions that were remitted late. The C.B.A. also provides that in addition to the amount due as interest and liquidated damages there shall be added reasonable attorneys' fees and court costs and disbursements incurred by the Funds in the collection of the delinquency.

10. The Employer failed to remit late charges to the Funds in the sum of $5,422.66 for the period June 30, 2001 through October 28, 2007. A copy of the Funds' statement for the contribution period June 30, 2001 through October 28, 2007, which provides the calculations of the unpaid late charges is attached hereto as Exhibit "B".

11. The Employer as party to the C.B.A. is also required to permit and cooperate with the Funds and or designated agents or representatives in an audit of the Employer's books and records for

the purpose of ascertaining if all required fringe benefits contributions have been paid to the Funds and verifying the accuracy of the Employer reports.

12. The Employer has failed and refused to permit access to their books and records for the period January 1, 2005 through September 30, 2007 and is liable for any delinquency contributions determined by a future audit together with the additional attorneys' fees, auditors' fee, interest on the unpaid principal and liquidated damages pursuant to the terms of the C.B.A. and in accordance with Section 502 of ERISA 29 U.S.C. Section 1132. A copy of the request for an audit is attached hereto as Exhibit "C".

13. The amounts set forth in the Statement of Damages are justly due and owing no part thereof has been paid to the Funds. The amount of costs set forth therein consists of the following items and amounts:

| | |
|---|---|
| a. Filing fee paid to the Clerk of the Court for the S.D.N.Y. | $ 350.00 |
| b. Statutory fee paid to the New York Secretary of State in connection with service upon the Employer | $ 40.00 |
| Total: | $ 390.00 |

14. Upon information and belief, there is no just reason for delay of entry of a judgment against the Employer.

15. Your affirmant was admitted to this Court in 1990, and I have been prosecuting actions for the recovery of employee benefits on behalf of various union trust funds for more than ten (10) years. During the course of this case, I acted as lead counsel with the assistance of my paralegal with court filings. The customary rate for an associate attorney in our firm is $250.00 per hour and $100.00 for paralegals. The attorneys' fees sought on this application are 6 hours @ $250.00 per hour = $1,500.00 and 2.5 hours @ $100 per hour = $250.00. This rate and fee are reasonable and justified given the circumstances of this matter.

16. It is my opinion and belief, based upon my years in practice in the State of New York and my experience in litigation involving benefit fund contribution obligations that $1,750.00 represents fair and reasonable value of the attorneys' services and is equal to or less than the usual fee charged by attorneys for comparable services in the United States District Court, S.D.N.Y. Additionally, it is my professional opinion that all fees represent services that were necessary to secure the result obtained.

17. A summary of the total hours spent on various tasks by your affirmant and paralegal are as follows:

| | | |
|---|---|---|
| December 17, 2007 | Prepared and sent demand letter to the defendant | 0.5 hours |
| January 15, 2008 | Reviewed client statements and prepared complaint | 2.0 hours |
| January 16, 2008 | Prepared and filed civil cover sheet, summons, and Rule 7.1 statement | 2.0 hours |
| January 31, 2008 | Filed affidavit of service | 0.5 hours |
| February 25, 2008 | Prepared and filed order to show case, affidavit of default, statement of damages, clerk's certificate, request for entry of judgment, certificate of service and default judgment | 3.5 hours |
| | | 8.5 hours |

18. As a result of Defendant's default, Plaintiffs are entitled to damages as follows:

(a) In the minimum sum of $5,422.66, which includes $3,282.66 in unpaid late charges for the period June 30, 2001 through October 28, 2007, $1,750.00 in attorneys' fees, court costs and disbursements in the amount of $390.00 all pursuant to the collective bargaining agreement and in accordance with Section 502 (g)(2)(D) of ERISA 29 U.S.C. 1132 (g)(2)(D)).

(b) An order for an audit of Defendant's books and records (including, but not limited to, payroll taxes, payroll earnings, records, stamps receipts, cash disbursements, tax forms, journals) for the period January 1, 2005 through September 30, 2007.

(c) Judgments for any unpaid contributions found due and owing pursuant to the audit for the period January 1, 2005 through September 30, 2007, including liquidated damages at 10% of the principal amount due, interest at a rate of 2% of principal amount due, attorneys' fees, auditors' fees, court costs and disbursements.

**WHEREFORE,** plaintiffs request the entry of Default and the entry of the annexed Judgment against defendant in the amount of $5,422.66 and an Order directing defendant to permit and cooperate in the conduct of an audit of Defendant's payroll books and records for the period January 1, 2005

through September 30, 2007 and permitting Plaintiffs to amend this judgment to include the additional amounts determined by the aforesaid audit to be due and owing, together with the interest, liquidated damages, auditors' fees and attorneys' fees and costs upon fifteen (15) days written notice to Defendant.

Dated: Elmsford, New York
February 25, 2008

Dana L. Henke (DLH 3025)
Barnes, Iaccarino, Virginia,
Ambinder & Shepherd, PLLC
258 Saw Mill River Road
Elmsford, New York 10523
(914) 592-1515

Sworn to before me this
25th day of February, 2008

Notary Public

CHRISTIE S. ROOS
Notary Public, State of New York
No. 01RO6014276
Qualified in Westchester County
Commission Expires October 5, 2010

02/18/2009 13:42 12126452160 PIIAF PAGE 02

PAINTING INS. & ANNUITY FUNDS
EMPLOYER STAMP DELINQUENCY REPORT *** FINAL REPORT ***
FOR DEPOSITS FROM 7/01/2001 TO 9/30/2001
FOR ACTIVITY FROM 0/00/0000 THRU 12/06/2001
REPORTING INTEREST AND DAMAGES
INTEREST RATE 8.00%
LIQUIDATED DAMAGES RATE 10.00%

PAGE: 100
DATE: 12/10/2001

| EMPLOYER DESCRIPTION | NUMBER | PERIOD END DATE | PURCHASE DATE | DAYS LATE | SERIAL NUMBERS | TOTAL AMOUNT | LIQUIDATED DAMAGES | INTEREST CHARGE | TOTAL CHARGE |
|---|---|---|---|---|---|---|---|---|---|
| METAL TEK ARCHITECURAL | 71403 | 6/30/2001 | 7/31/2001 | 31 | 4000105376 | 573.72 | 0.00 | 7.65 | 7.65 *NER* |
| | | | | | 4000105388 | 573.72 | 0.00 | 7.65 | 7.65 *NER* |
| LD #: 0 | IC #: 10007 | | | | TOTALS: | 1,147.44 | 0.00 | 15.30 | 15.30 |

PAINTING IND. & INDUSTRY FUNDS PAGE: 103
EMPLOYER STAMP DELINQUENCY REPORT *** PRELIMINARY REPORT *** DATE: 3/25/2002
FOR DEPOSITS FROM 10/01/2001 TO 12/31/2001
FOR ACTIVITY FROM 0/00/0000 THRU 3/22/2002
REPORTING INTEREST AND DAMAGES
INTEREST RATE [illegible]
LIQUIDATED DAMAGES RATE 10.00%

| EMPLOYER DESCRIPTION | NUMBER | PERIOD END DATE | PURCHASE DATE | DAYS LATE | SERIAL NUMBERS | TOTAL AMOUNT | LIQUIDATED DAMAGES | INTEREST CHARGE | TOTAL CHARGE | |
|---|---|---|---|---|---|---|---|---|---|---|
| TOTAL TEK ARCHITECURAL | 71403 | 6/30/2001 | 10/10/2001 | 102 | 4000185229 | 717.15 | 71.72 | 19.12 | 90.84 | *NEW* |
| | | | | | 4000185231-4000185232 | 1,434.30 | 143.44 | 38.24 | 181.68 | *NEW* |
| | | 6/30/2001 | 10/24/2001 | 116 | 4000201005 | 573.72 | 57.37 | 15.30 | 72.67 | *NEW* |
| | | 9/30/2001 | 10/10/2001 | 10 | 4000185228 | 717.15 | 0.00 | 4.78 | 4.78 | *NEW* |
| | | | | | 4000185230 | 717.15 | 0.00 | 4.78 | 4.78 | *NEW* |
| | | | | | 4000185233 | 717.15 | 0.00 | 4.78 | 4.78 | *NEW* |
| | | | | | 4000185236-4000185237 | 361.90 | 0.00 | 2.42 | 2.42 | *NEW* |
| | | 9/30/2001 | 10/24/2001 | 24 | 4000201010-4000201014 | 3,155.46 | 0.00 | 21.02 | 21.02 | *NEW* |
| | | 9/30/2001 | 12/07/2001 | 68 | 4000246854-4000246855 | 1,147.44 | 114.74 | 22.94 | 137.68 | *NEW* |
| | | | | | 4000246870-4000246873 | 2,581.74 | 258.18 | 51.62 | 309.80 | *NEW* |
| | | | | | 4000246876 | 717.15 | 71.72 | 14.34 | 86.06 | *NEW* |
| | | | | | 4000246875 | 717.15 | 71.72 | 14.34 | 86.06 | *NEW* |
| | | | | | TOTALS: | 13,557.46 | 788.89 | 213.68 | 1,002.57 | |

02/18/2008 13:42 12126452160 PIZAF PAGE 04

PAINTING INS. & ANNUITY FUNDS
EMPLOYER STAMP DELINQUENCY REPORT *** FINAL REPORT ***
FOR DEPOSITS FROM 1/01/2002 TO 3/31/2002
FOR ACTIVITY FROM 0/00/0000 THRU 5/16/2002
REPORTING INTEREST AND DAMAGES
INTEREST RATE 8.00%
LIQUIDATED DAMAGES RATE 10.00%

PAGE: 94
DATE: 5/16/2002

| EMPLOYER DESCRIPTION | NUMBER | PERIOD END DATE | PURCHASE DATE | DAYS LATE | SERIAL NUMBERS | TOTAL AMOUNT | LIQUIDATED DAMAGES | INTEREST CHARGE | TOTAL CHARGE | |
|---|---|---|---|---|---|---|---|---|---|---|
| METAL TEC ARCHITECURAL | 71403 | 9/30/2001 | 1/29/2002 | 121 | 4000295050-4000295052 | 1,346.10 | 134.61 | 35.91 | 170.52 | *NER* |
| | | 12/31/2001 | 1/29/2002 | 29 | 4000295011-4000295015 | 717.15 | 0.00 | 4.80 | 4.80 | *NER* |
| | | | | | 4000295020-4000295021 | 573.72 | 0.00 | 3.83 | 3.83 | *NER* |
| | | | | | 4000295024-4000295042 | 2,269.14 | 0.00 | 15.16 | 15.16 | *NER* |
| | | | | | 4000295045-4000295049 | 2,213.50 | 0.00 | 14.95 | 14.95 | *NER* |
| | | 12/31/2001 | 2/08/2002 | 39 | 4000303356 | 430.29 | 43.03 | 5.74 | 48.77 | *NER* |
| | | | | | 4000303370 | 717.15 | 71.72 | 9.56 | 81.28 | *NER* |
| | | | | | 4000303372-4000303379 | 960.73 | 96.06 | 12.81 | 108.87 | *NER* |
| | | | | | 4000303385-4000303390 | 93.00 | 9.30 | 1.26 | 10.56 | *NER* |
| | | | | | 4000303421-4000303426 | 93.00 | 9.30 | 1.26 | 10.56 | *NER* |
| | | | | | 4000303432-4000303436 | 542.50 | 54.25 | 7.25 | 61.50 | *NER* |
| LD #: 10448 | IC #: 10487 | | | | TOTALS: | 9,946.78 | 418.27 | 112.53 | 530.80 | |

PAINTING INS. & ANNUITY FUNDS
EMPLOYER STAMP DELINQUENCY REPORT *** FINAL REPORT ***
FOR DEPOSITS FROM 10/01/2006 TO 12/31/2006
FOR ACTIVITY FROM 0/00/0000 THRU 2/28/2007
REPORTING INTEREST AND DAMAGES
INTEREST RATE 10.25%
LIQUIDATED DAMAGES RATE 10.00%

PAGE: 116
DATE: 2/28/2007

| EMPLOYER DESCRIPTION | NUMBER | PERIOD END DATE | PURCHASE DATE | DAYS LATE | SERIAL NUMBERS | TOTAL AMOUNT | LIQUIDATED DAMAGES | INTEREST CHARGE | TOTAL CHARGE |
|---|---|---|---|---|---|---|---|---|---|
| METAL TEK ARCHITECTURAL | 71483 | 8/28/2006 | 10/27/2006 | 68 | 4001962439-4001962447 | 769.61 | 76.96 | 14.69 | 91.65 |
| | | 10/01/2006 | 10/10/2006 | 9 | 4001962722-4001962724 | 728.28 | 0.00 | 1.83 | 1.83 |
| LD #: 15598 | IC #: 15597 | | | | TOTALS: | 1,497.89 | 76.96 | 16.52 | 93.48 |

PAINTING INS. & ANNUITY FUNDS
EMPLOYER STAMP DELINQUENCY REPORT *** FINAL REPORT ***
FOR DEPOSITS FROM 7/01/2007 TO 9/30/2007
FOR ACTIVITY FROM 0/00/0000 THRU 12/03/2007
REPORTING INTEREST AND DAMAGES
INTEREST RATE 12.25%
LIQUIDATED DAMAGES RATE 10.00%

PAGE: 114
DATE: 12/03/2007

| EMPLOYER DESCRIPTION | NUMBER | PERIOD END DATE | PURCHASE DATE | DAYS LATE | SERIAL NUMBERS | TOTAL AMOUNT | LIQUIDATED DAMAGES | INTEREST CHARGE | TOTAL CHARGE |
|---|---|---|---|---|---|---|---|---|---|
| M-TEK [illegible] ARCHITECTURAL | 71465 | 4/25/2007 | 7/11/2007 | 77 | 400751876-400751877 | 74.52 | 7.46 | 1.62 | 9.08 |
| | | | | | 400751894-400751895 | 624.24 | 62.44 | 13.50 | 75.94 |
| | | 5/13/2007 | 7/11/2007 | 59 | [illegible] | 1,244.05 | 124.37 | 26.53 | 150.90 |
| | | | | | ~~[illegible]~~ | ~~184.98~~ | ~~18.50~~ | ~~3.18~~ | ~~21.68~~ |
| | | | | | [illegible] | 2,183.02 | 218.25 | 34.65 | 245.15 |
| | | | | | [illegible] | 276.70 | 27.67 | 4.58 | 32.25 |
| | | 5/13/2007 | 8/01/2007 | 46 | [illegible] | 34.52 | 3.46 | 1.80 | 5.25 |
| | | | | | [illegible] | 414.58 | 41.46 | 10.02 | 51.48 |
| | | | | | [illegible] | 24.62 | 2.46 | 1.22 | 3.68 |
| | | 5/20/2007 | 8/07/2007 | 79 | [illegible] | 143.04 | 14.32 | 3.92 | 18.24 |
| | | | | | [illegible] | 288.92 | 25.89 | 5.19 | 31.07 |
| | | | | | [illegible] | 1,151.38 | 115.14 | 32.78 | 177.34 |
| | | 5/27/2007 | 8/01/2007 | 72 | [illegible] | 73.48 | 7.35 | 1.48 | 8.82 |
| | | 6/03/2007 | 8/07/2007 | 65 | [illegible] | 414.66 | 41.47 | 7.57 | 49.04 |
| | | | | | [illegible] | 622.82 | 62.28 | 11.35 | 73.63 |
| | | 6/10/2007 | 8/07/2007 | 58 | [illegible] | 73.40 | 7.34 | 1.20 | 8.54 |
| | | 6/17/2007 | 8/01/2007 | 45 | [illegible] | 287.54 | 28.75 | 5.97 | 33.16 |
| | | | | | [illegible] | 414.58 | 41.47 | 5.34 | 47.81 |
| | | 6/24/2007 | 7/11/2007 | 17 | [illegible] | 414.60 | 3.90 | 2.27 | 2.22 |
| | | | | | [illegible] | 414.64 | 0.30 | 2.22 | 2.22 |

LD #: 16165 IC #: 16164 TOTALS: 9,573.76 869.42 167.12 1,036.54

PAINTING INS. & ANNUITY FUNDS
EMPLOYER STAMP DELINQUENCY REPORT *** FINAL REPORT ***
FOR DEPOSITS FROM 10/01/2007 TO 12/31/2007
FOR ACTIVITY FROM 0/00/0000 THRU 2/11/2008
REPORTING INTEREST AND DAMAGES
INTEREST RATE 9.75%
LIQUIDATED DAMAGES RATE 10.00%

PAGE: 124
DATE: 2/12/2008

| EMPLOYER DESCRIPTION | NUMBER | PERIOD END DATE | PURCHASE DATE | DAYS LATE | SERIAL NUMBERS | TOTAL AMOUNT | LIQUIDATED DAMAGES | INTEREST CHARGE | TOTAL CHARGE |
|---|---|---|---|---|---|---|---|---|---|
| MEGA TEK ARCHITECTURAL | 71403 | 9/09/2007 | 12/20/2007 | 102 | 4002461947-4002461950 | 1,451.[illegible] | 145.14 | 39.55 | 184.69 |
| | | 9/15/2007 | 12/20/2007 | 95 | 4002461925 | 414.64 | 41.47 | 10.52 | 51.99 |
| | | | | | 4002461961 | 36.70 | 3.67 | 0.93 | 4.60 |
| | | 9/23/2007 | 12/20/2007 | 89 | 4002461962 | 36.70 | 3.67 | 0.86 | 4.53 |
| | | 9/30/2007 | 12/20/2007 | 81 | 4002461963 | 36.70 | 3.67 | 0.79 | 4.46 |
| | | 10/07/2007 | 12/20/2007 | 74 | 4002461932-4002461953 | 59.24 | 5.93 | 1.18 | 7.10 |
| | | | | | 4002461956 | 622.80 | 62.29 | 12.30 | 74.59 |
| | | | | | 5002461954 | 36.70 | 3.67 | 0.71 | 4.38 |
| | | 10/14/2007 | 12/20/2007 | 67 | 4002461950-4002461951 | 59.24 | 5.92 | 1.06 | 6.98 |
| | | | | | 4002461933-4002461948 | 1,658.72 | 165.88 | 29.68 | 195.56 |
| | | 10/21/2007 | 12/20/2007 | 60 | 4002461955 | 414.68 | 41.47 | 6.65 | 48.12 |
| | | | | | 4002461965 | 36.70 | 3.67 | 0.59 | 4.26 |
| | | 10/28/2007 | 12/20/2007 | 53 | 4002461964-4002461968 | 111.78 | 11.19 | 1.59 | 12.78 |

LD #: 16433 IC #: 16437 TOTALS: 4,975.24 497.54 106.43 603.97

# Painting Industry Insurance & Annuity Funds

45 West 14th Street, New York, NY 10011-7499 (Tel)212-255-2950 (Fax)212-989-3468

Employer Trustee
Todd Nugent
*Co-Chairman*

Union Trustee
Sandy Vagelatos
*Co-Chairman*

Greg Vagelatos
*Fund Administrator*
11 October 2007

Joe Pittella
Metal Tek Architectural
PO Box 317
St James NY 11780

Certified Mail/Return Receipt

Dear Mr Pittella:

In accordance with terms and conditions set out in the Trade Agreements (the "Agreements") between Metal Tek Architectural and District Council # 9 International Union of Painters and Allied Trades, notice is hereby given that District Council No. 9, International Union of Painters and Allied Trades Fringe Benefit Funds ("the Funds") has retained Marshall & Moss Payroll Compliance Services LLP to conduct a payroll compliance audit (the "audit") for the period of January 1, 2005 through September 30, 2007. They will contact you by telephone to arrange for an appointment. The purpose of the audit is to determine if the Company has made contributions to the Funds in accordance with its obligation under the Agreement. **Please be advised, that once you have made an appointment with the auditors, if you have to change the appointment, a request must be received by the auditors in writing by certified mail five business days in advance of the scheduled appointment. If you do not follow this procedure you will be charged a cancellation fee of $600.**

In connection with the audit, the auditors will be requesting access to all necessary books and records of the Company including but not limited to: business income tax returns, general ledger, general journal, books of original entry, subsidiary ledgers, payroll journals and other related payroll records, bank statements and cancelled checks, W-2 and W-3 forms, 940, 941, NYS-45, 1099 forms, current year surety bonds, as well as the same books of any affiliate, subsidiary alter ego or other related company doing bargaining unit work.

It is our obligation to advise you that your failure to permit an audit will result in the immediate commencement of legal proceedings in Federal Court with its attendant costs and additional sanctions.

Please accept my thanks in advance for your anticipated cooperation.

Very truly yours,

[signature]

Gregory Vagelatos
Fund Administrator

cc: Marshall & Moss Payroll Co[...]

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Joe Pittella
Metal Tek Architectural
PO Box 317
St James NY 11780

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name) [illegible]  C. Date of Delivery 10-16-07

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) 7007 3490 0002 4626 6411

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| TRUSTEES OF THE DISTRICT COUNCIL 9 PAINTING INDUSTRY INSURANCE AND ANNUITY FUNDS, Plaintiffs, | ) | Index No. 08-CIV-0419 (KMK) |
| -against- | ) | CLERK'S CERTIFICATE |
| METAL TEK ARCHITECTURAL METAL & GLASS, INC., Defendant. | ) | |

I, J. MICHAEL MCMAHON, Clerk of the United States District Court for the Southern District of New York, do hereby certify that the docket entries in the above-entitled action indicate that this action commenced on January 16, 2008 with the filing of the Summons and Complaint; a copy of the Summons and Complaint was served on defendant via Secretary of State on January 24, 2008 and proof of such service thereof was filed on January 31, 2008.

I further certify that docket entries indicate that the Defendant has not filed an answer or otherwise moved with respect to the complaint herein. The default of the defendant is hereby noted.

Dated: White Plains, New York
2008

J. MICHAEL MCMAHON
Clerk of the Court

By: ______________________
Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE DISTRICT COUNCIL 9 PAINTING INDUSTRY INSURANCE AND ANNUITY FUNDS,<br><br>Plaintiffs,<br><br>-against-<br><br>METAL TEK ARCHITECTURAL METAL & GLASS, INC.,<br><br>Defendant. | Index No. 08-CIV-0419 (KMK)<br><br>DEFAULT JUDGMENT |

This action having been commenced on January 16, 2008 by the filing of the Summons and Complaint, and a copy of the Summons and Complaint having been served on the Defendant, Metal Tek Architectural Metal & Glass, Inc. on January 24, 2008 via Secretary of State and said Proof of Service having been filed with the Clerk of the Court on January 31, 2008 and the defendant not having appeared, answered or otherwise moved with respect to the Complaint within the time allowed by law, and the time for appearing, answering or otherwise moving having expired it is,

ORDERED, ADJUDGED AND DECREED: that the plaintiffs have judgment against defendant in the liquidated amount of Five Thousand Four Hundred and Twenty Two Dollars and Sixty Six Cents ($5,422.66), which includes the following: the principal amount owed in late charges in the sum of $3,282.66 for the period June 30, 2001 through October 28, 2007, attorneys' fees in the sum of $1,750.00; plus court costs and disbursements of this action in the sum of $390.00.

ORDERED, that the Defendant permit and cooperate in the conduct of an audit of all of its books and records including, but not limited to, all payroll journals, business income tax returns,

general ledger and journal, books of original entry, subsidiary ledgers, payroll records, bank statements, and cancelled checks, W-2 and W-3 forms, 940, 941, WT4-A and WT4-B forms, 1099 forms, New York State employment report, insurance reports, disability insurance reports, Workers Compensation report forms and remittance reports for the period January 1, 2005 through September 30, 2007 and directing, that judgment be entered thereon for the amount stated in the audit report including interest, liquidated damages, and auditors' fees.

ORDERED, that the Judgment rendered by the Court on this day in favor of the Plaintiffs be entered as a final judgment against Defendant and the Clerk of the Court is directed to enter such judgment forthwith.

Dated: White Plains, New York
2008

So Ordered:

______________________________
Honorable Kenneth M. Karas, U.S.D.J.